UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CARRANDI,<br><br>    Plaintiff,<br><br>v.<br><br>NETROADSHOW, INC.,<br><br>    Defendant. | Case No. 24-cv-01092-HSG<br><br>**ORDER GRANTING SPECIALLY APPEARING DEFENDANT NETROADSHOW INC.'S MOTION TO TRANSFER**<br><br>Re: Dkt. No. 14 |

Pending before the Court is specially appearing defendant NetRoadshow Inc.'s motion to transfer. Dkt. No. 14. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion.

## I.   BACKGROUND

On February 20, 2024, Plaintiff Lisa Carrandi ("Plaintiff" or "Carrandi") filed suit against her longtime former employer, NetRoadshow, Inc. ("Defendant" or "NetRoadshow") in Marin County Superior Court in California regarding its enforcement of post-employment restrictive covenants. *See* Dkt. No. 1-1, Ex. A ("Compl."). She alleged that these covenants – which Defendant actively sought to enforce against her – were void, unenforceable, and unlawful constraints on her employment prospects in violation of California Business & Professions Code sections 16600.5 and 17200. *See* Compl. ¶¶ 44–62. The day after she filed her complaint, NetRoadshow removed the case to this Court on diversity jurisdiction grounds, Dkt. No. 1, and shortly thereafter filed a motion to transfer it to the Northern District of Georgia. Dkt. No. 14 ("Mot."). Defendant's motion is now fully briefed. *See* Dkt. Nos. 15 ("Opp.") and 30 ("Reply").

As it turns out, the parties are no strangers to federal court in Georgia, as they have been

1 litigating there for more than six months. In November 2023, NetRoadshow filed a complaint and
2 motion for a temporary restraining order and preliminary injunction against Carrandi for breach of
3 contract in the Superior Court of Fulton County, Georgia, which Carrandi subsequently removed
4 to the Northern District of Georgia. *See NetRoadshow v. Carrandi*, 1:23-cv-05697-ELR. On
5 January 8, 2024, Carrandi answered NetRoadshow's complaint, and also asserted a counterclaim
6 arguing that the restrictive covenants at issue were void and unenforceable under California
7 Business & Professions Code section 16600.5. *See* Case No. 1:23-cv-05697-ELR, Dkt. No. 16 at
8 17. She characterized her counterclaim as "compulsory" because it arose "out of the same nucleus
9 of operative fact as NetRoadshow's underlying claim against Carrandi" and formed "part of the
10 same case or controversy as the underlying action." *Id*. at 15. However, about a month later,
11 Carrandi filed a motion to dismiss her own counterclaim, arguing that it was in fact permissive
12 rather than compulsory. *See* Case No. 1:23-cv-05697-ELR, Dkt. No. 35. Two days later, she
13 commenced legal proceedings against NetRoadshow in Marin County Superior Court.
14 NetRoadshow opposed the motion to dismiss her counterclaim in the Georgia action, *id*., Dkt. No.
15 45, which remains pending before the Honorable Eleanor Ross of Georgia's Northern District.

## II.   DISCUSSION

In its motion, NetRoadshow argues that transfer to the Northern District of Georgia is proper under the claim-splitting doctrine and the "first to file" rule.[1] The Court agrees.

Plaintiffs "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds* (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "The rule preventing claim splitting is designed to 'protect the defendant from being harassed by repetitive actions based on the same claim.'" *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 993–94 (N.D. Cal. 2014) (quoting *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995). To determine when such improper claim-splitting is present, courts "borrow from the test

---

[1] Since Defendant does not move for transfer under 28 U.S.C. section 1404(a), the Court does not analyze the propriety of transfer under that provision.

1  for claim preclusion." *Adams*, 487 F.3d at 688. "[T]he bar of claim-splitting is applicable if the
2  second suit involves (1) the same causes of action as the first; and (2) the same parties or their
3  privies." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022), *cert.*
4  *denied*, 143 S. Ct. 425 (2022).

5        Here, the second requirement is indisputably met, since the "same parties" – Carrandi and
6  NetRoadshow – are involved in both the Georgia suit and this California suit. And while the
7  postures of the suits differ, Carrandi asserts claims against NetRoadshow in both actions: here as
8  Plaintiff, and there as counter-plaintiff. And as for the first requirement, the Court finds that it too
9  is satisfied. To determine whether both actions involve the same claim or cause of action, courts
10  employ "the transaction test[] developed in the context of claim preclusion." *Adams*, 487 F.3d at
11  689. "Whether two events are part of the same transaction or series depends on whether they are
12  related to the same set of facts and whether they could conveniently be tried together." *Western*
13  *Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, courts
14  examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

19  *Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th
20  Cir. 1982)). "The last of these criteria is the most important." *Costantini*, 681 F.2d at 1202.

21        The Court finds that all of these factors support a finding that Carrandi's claims against
22  NetRoadshow in the California and Georgia actions are transactionally related. Both claims "arise
23  out of Carrandi's employment with Defendant and specifically her 'Employee Agreement' with
24  Defendant," Opp. at 6, and seek the invalidation of the allegedly void and unenforceable
25  restrictive covenants it contains. Both claims involve infringement of the same right (i.e.
26  Carrandi's ability to pursue work opportunities without allegedly unlawful constraint), and require
27  substantially the same evidence to prosecute. And, "assuming that the first [Georgia Action] were
28  already final," Carrandi would surely face claim preclusion consequences in this suit. *Adams*, 487

1 F.3d at 688–89.  The fact that in her California action she brings an additional cause of action
2 under the Unfair Competition Law (Bus. & Prof. Code § 17200) and also seeks declaratory relief
3 does not change the fact that the California and Georgia claims "arise out of the same transactional
4 nucleus of facts" and certainly can "conveniently be tried together."  Nor does it matter that
5 Carrandi has merely *moved* to dismiss her counterclaim in the Georgia action, as it is presently
6 asserted against NetRoadshow in the absence of a court order granting her motion.  In short, as
7 things stand today, Carrandi is pursuing substantially the same claims in two federal fora.  Since
8 she cannot maintain these two actions in parallel under the claim-splitting doctrine, the Court will
9 transfer this case as Defendant requests.

10 Moreover, Defendant is correct that the "first to file" rule is a separate basis supporting
11 transfer to Georgia's Northern District.  This rule embodies a "generally recognized doctrine of
12 federal comity which permits a district court to decline jurisdiction over an action when a
13 complaint involving the same parties and issues has already been filed in another district."
14 *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).  While the rule is not
15 "mechanically applied," it also "should not be disregarded lightly."  *Id*. (internal quotations and
16 citations omitted).  The Court sees no to reason to disregard it here, where "1) the chronology of
17 the actions; 2) the similarity of the parties; and 3) the similarity of the issues at stake" all support
18 transfer to Georgia – the place where these same parties first started litigating the lawfulness of the
19 restrictive covenants in Carrandi's Employment Agreement.  *Schwartz v. Frito-Lay N. Am.*, No. C-
20 12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012).  Plus, the minor variation
21 between Carrandi's claims in the Georgia and California actions is of no moment for this analysis,
22 either: "The issues need not be precisely identical for the first-to-file rule to apply; the rule can
23 apply even if the later-filed action brings additional claims."  *Id*. at *3.

24 Accordingly, and in its discretion, the Court will transfer this case to the Northern District
25 of Georgia, where Carrandi first asserted the theories at issue here against NetRoadshow.

26 //
27 //
28 //

### III. CONCLUSION

The Court **GRANTS** specially appearing defendant NetRoadshow's motion to transfer, Dkt. No. 14. The Clerk is **DIRECTED** to transfer this action to the United States District Court for the Northern District of Georgia and to close the case.

**IT IS SO ORDERED.**

Dated: 5/17/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge